UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN AURILLO and<br>ERNEST COOPER,<br><br>    Plaintiffs,<br><br>vs.<br><br>GLAXOSMITHKLINE, L.L.C.,<br><br>    Defendant. | Case No. 4:10CV968SNLJ |

## MEMORANDUM AND ORDER

Plaintiffs Aurillo and Cooper originally filed this products liability action in the Circuit Court for the City of St. Louis, Missouri. Plaintiff Aurillo is a citizen and resident of the State of Delaware. Plaintiff Cooper is a citizen and resident of the State of Missouri. Defendant is a Delaware limited liability corporation. Defendant removed the case to federal court asserting diversity jurisdiction despite defendant and plaintiff Aurillo both being citizens of the same state (Delaware). Defendant, in its notice of removal [1], filed May 27, 2010, asserted that the plaintiffs' claims are unrelated and that, although they each allege personal injury from the ingestion of defendant's product, Avandia, this medication was "prescribed at different times, by different doctors, in different states." Defendant further asserted that non-diverse plaintiff Aurillo was "fraudulently misjoined" in order to defeat federal diversity jurisdiction. Finally, defendant asserted that non-diverse plaintiff Aurillo's claims should be severed; thereby, creating complete diversity between plaintiff Cooper and defendant. This matter is before the Court on the defendant's motion to stay [9], filed May 28, 2010 and the plaintiffs' motion to remand and

request of expedited consideration [12], filed May 28, 2010. Extensive responsive pleadings have been filed by the parties with respect to both motions.

After careful consideration of the parties' pleadings, the relevant caselaw, and for the reasons stated below, the Court will grant the plaintiffs' motion to remand and deny the defendant' motion for stay.

GlaxoSmithKline develops, markets, and sells pharmaceuticals, including the diabetes drug Avandia. Plaintiffs Aurillo and Cooper, prior to 2007, ingested Avandia as prescribed by their respective physicians and allege that they have suffered injuries to their cardiovascular systems as a result.

28 U.S.C. §1441(a) provides, in pertinent part, that "any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant " to federal district court. Under 28 U.S.C. §1332(a), "district courts shall have original jurisdiction of all civil actions when a matter in controversy . . . is between (1) citizens of different states." "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." In re Prempro Products Liability Litigation, 591 F.3d. 613, 620 (8th Cir. 2010)(internal citations omitted). The party asserting diversity jurisdiction bears the burden of establishing diversity by a preponderance of the evidence. In re Prempro, at 620. "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d. 619, 625 (8th Cir. 1997). Thus, defendant GlaxoSmithKline, as the party invoking removal jurisdiction, has the burden of establishing federal jurisdiction.

The parties do not dispute the fact that GlaxoSmithKline and plaintiff Aurillo are not diverse; however, defendant argues that this Court has jurisdiction because plaintiff Aurillo was

"fraudulently misjoined". "Fraudulent misjoinder" purportedly occurs when, in order to defeat diversity jurisdiction, a plaintiff joins his/her claims with those of a non-diverse plaintiff who has a legitimate, but allegedly unrelated, claim against the same defendant. *See*, Tapscott v. MS Dealer Serv. Corp., 77 F.3d. 1353, 1360 (11th Cir. 1996), *abrogated on other gds*, Cohen v. Office Depot, Inc., 204 F.3d. 1069 (11th Cir. 2000); *see also*, In re Prempro, at 620 ("Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other."). Under this doctrine, if the two (2) plaintiffs' claims are not sufficiently related to one another, some courts will not consider the non-diverse plaintiff's citizenship when determining jurisdiction. Tapscott, *supra.*

In Tapscott, the Eleventh Circuit found that a group of diverse plaintiffs had been fraudulently misjoined when their claims for fraud arising from the sale of service contracts for retail products were joined with the claims of other non-diverse plaintiffs who were asserting claims of fraud arising from the sale of automobile contracts, thereby destroying diversity. The Court found that although both groups of plaintiffs had legitimate claims against at least one of the several named defendants, the nature of the two groups' claims were not sufficiently related to support joinder of the claims in a single case. The Tapscott Court held that there was "no real connection" between the two sets of plaintiffs based upon the alleged transactions (fraud from sale of retail products and fraud from sale of automobile service contracts). Tapscott, *supra.* The only similarity between the two groups of plaintiffs were that the transactions alleged violated particular fraud provisions in the Alabama state code. The Tapscott Court reasoned that although "mere misjoinder" is not enough to constitute "fraudulent misjoinder", the joinder of these two

3

sets of claims (involving two different sets of unrelated defendants) was "so egregious as to constitute fraudulent joinder." Tapscott, *supra*. As a result, plaintiffs' fraudulent misjoinder did not destroy federal diversity jurisdiction.

The Eighth Circuit has explicitly declined to adopt or reject the doctrine of fraudulent misjoinder. In re Prempro, at 622 ("We make no judgment on the propriety of the doctrine in this case."). Furthermore, the Court found that even if it were to adopt the doctrine, the "the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id, at 622. Instead, the Court reviewed the claims presented by the parties pursuant to Rule 20 Federal Rules of Civil Procedure and the principle that "[W]hen determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a non-diverse defendant." Id., at 620 *quoting* Wilkenson v. Shackelford, 478 F.3d. 957, 96 (8th Cir. 2007).

In Prempro, *supra.*, a group of plaintiffs brought suit against several different pharmaceutical companies for injuries allegedly caused by the companies' development, marketing and sales of similar, but distinct, hormone replacement drugs. Id. In Prempro, as in the instant case, the plaintiffs all contended that they each developed a serious medical condition as a result of the pharmaceutical companies' negligence in defectively designing, testing, and warning as to the dangers associated with the drugs' use. The Eighth Circuit considered in In re Prempro, *supra.* that the plaintiffs' claims were "likely to contain common questions of law and fact." Prempro, at 623. The Court determined that it could not be that the plaintiffs' claims had "no real connection" to each other such that they were egregiously misjoined[1] and ordered the

---

[1]The Court distinguished the doctrine of fraudulent misjoinder from the doctrine of fraudulent joinder, and noted that whether or not the plaintiffs' claims are properly joined is a matter that might be argued to the state court. In re Prempro, at 623-24.

4

district court to remand the case. In re Prempro, at 623. "Here, there may be a palpable connection between the plaintiffs' claims against the manufacturers as they all relate to similar drugs and injuries and the manufacturers' knowledge of the risks of HRT drugs." In re Prempro, at 623.

Similarly, in this case, there is no need to express an opinion on the validity of the doctrine of fraudulent misjoinder. The facts, as alleged, remove this case even further from the realm of fraudulent misjoinder than the claims addressed by the Eighth Circuit in In re Prempro. Plaintiffs in the instant case allege that their claims "present common questions of fact and law concerning, inter alia, what information [Defendant] possessed concerning the harmful effects of Avandia, what information it elected to disclose to physicians and patients about those harmful effects, and what information they were required by law to disclose about those effects." Plaintiffs" Petition, ¶11. Throughout the complaint, both the diverse and non-diverse plaintiffs make identical allegations regarding the defendant's conduct. Summarily, the plaintiffs in the instant case have both filed suit against the same pharmaceutical manufacturer - GlaxoSmithKline- for injuries caused by the same drug - Avandia - during roughly the same time period - prior to 2007, when defendant altered the warning labels on Avandia - and arising out of the same development and sales practices of Avandia by GlaxoSmithKline. Although defendant notes that the plaintiffs were prescribed Avandia in different states by different doctors, the Court finds that the claims of both plaintiffs are likely to contain common questions of law and fact. The Court determines that the plaintiffs' claims have a palpable connection to one another, as their claims are related to the same drug (Avandia), to similar injuries, and to defendant's knowledge of the risks associated with taking Avandia. As a result, defendant has not met its burden of showing that the parties are diverse or that this Court has jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand [12] be and is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiffs' request for expedited consideration [12] be and is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that defendant's motion for stay [9] be and is **DENIED.**

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, be and is **REMANDED** to the Circuit Court for the City of St. Louis from which it was removed.

Dated this  9th  day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE